## CARR *v.* MOORE.

The proper measure of damages, in an action for fraud and deceit in the sale or exchange of property, retained by the purchaser, is the difference between its actual value and its value as represented to be at the time of the sale or exchange; the price paid being strong, but not conclusive evidence of its value as it was represented to be.

Where the price paid for one animal was another animal, the age, appearance and qualities of the latter animal, and the price for which it sold, are competent to be considered by the jury as determining the value of the former.

Upon a question as to the value of property, the price at which other property, of like character, was actually sold in the vicinity, at. or about the same time, may be shown in evidence; and, in the case of horses, evidence of such sales, a year after the date of the transaction in controversy, is competent.

The state of feeling and the relationship of a witness toward a party, may properly be shown to be weighed with his testimony.

CASE, for deceit in an exchange of horses. The plaintiff alleged that he was induced to exchange his mare for a colt of the defendant, and thirty-five dollars boot, by certain false and fradulent representations of the defendant, as to the health of the colt. To enable the jury to judge of the value of the colt, if he had been in the state of health he was represented to be in, it became material for the plaintiff to show the value of the mare he gave in exchange. For this purpose evidence was introduced on both sides, describing her age, appearance and qualities. Beside this, the plaintiff offered to show that he obtained the mare by an exchange for another horse, and to show the age, appearance and qualities of that horse, and that the purchaser, two or three months after, sold that horse for ninety-two dollars. He also offered evidence that the defendant swapped the same mare for another horse, and to show the age, appearance and qualities of the latter, and that the defendant called him worth one hundred dollars. He also offered evidence of the prices at which

other horses of similar age and description were sold a year after the exchange in controversy. To all this evidence the defendant objected, but it was admitted, and the defendant excepted.

A witness was introduced by the plaintiff and examined. After cross-examination by the defendant, in which he testified somewhat favorably to the defendant, the plaintiff proposed to ask him if he was a relative of the defendant; the defendant objected to the question, and the Court allowed it to be put and answered, and the defendant excepted.

The jury found a verdict for the plaintiff, which the defendant moved to set aside, on account of said exceptions. ·

*Burke & Wait*, and *Parker*, for the plaintiff.

. *Barton & Bowers*, for the defendant.

·FOWLER, J. It may be considered the well-established rule of law in this State, that the proper measure of damages in actions for fraud and deceit in the sale or exchange of property, real or personal, where it is retained by the purchaser, is the difference between the actual value thereof, and its value as represented to be at the time of the sale or exchange, the price paid being very strong, but· not absolutely conclusive evidence of the value of the property as it was represented to be. *Fisk* v. *Hicks*, 31 N. H. 535, and authorities; *Cary* v. *Gruman*, 4 Hill 625, and authorities; *Page* v. *Parker*, 40 N. H. 47.

In the case before us, the price paid for the colt, as it was represented to be, and thirty-five dollars, was the plaintiff's mare. The value of that mare was the price paid for her, and that price was a horse given in exchange for her. The age, appearance and qualities of that horse, and the price for which he sold, were therefore competent

Carr *v.* Moore.

evidence tending to show the value of the mare, and in consequence the value of the colt, as it was represented to be, at the time of the exchange, upon the almost axiomatic principle, that things which are equal to the same thing, are equal to one another.

So, too, the age, appearance and qualities of the horse which the defendant obtained in exchange for the mare he had of the plaintiff, with the defendant's admission of the cash value of that horse, had a manifest tendency to show the cash value of the mare at the time of the trade between the parties, and were admissible evidence to be weighed by the jury in determining the amount of damages which the plaintiff was entitled to recover. Of course, the evidence in both cases was entitled to greater or less weight as the jury might find the prices paid and estimated to be reasonable and fair, and the exchanges, by which the animals in the one case or the other were obtained, to have been just and equal; but the evidence being competent, and admitted, it was for the jury to determine its importance, and the influence it should exert upon their judgments.

Since the decision in *Whipple* v. *Walpole,* 10 N. H. 130, it has been the uniform practice in this State, upon a question as to the value of property, to receive evidence of the price at which other property, of like character and condition, was actually sold in the vicinity, at or about the same time. *White* v. *Concord Railroad,* 30 N. H. 188; *Beard* v. *Kirk,* 11 N. H. 397.

The only question presented by the exception on this point is, whether, in the case of horses, the price, a year after the date of the contract in controversy, of horses of similar age and description, had any tendency to show the value of such horses at that time. We think it must have had. There have been for many years comparatively slight fluctuations in the value of these animals, and we think the price at which a horse sold at any given time,

would be strong evidence of his value, in the same condition, a year before or a year afterward.

Nor do we perceive any valid objection to the question proposed to the witness on re-examination. The state of feeling and the relationship of a witness toward the party for or against whom he testifies, may properly be shown, to be weighed with his testimony. Thus it has been holden not irrelevant to the guilt or innocence of one charged with crime, to inquire of the witness for the prosecution, on cross-examination, whether he has not extreme feelings of hostility toward the prisoner. The like inquiry may be made in a civil action, and if the witness denies the fact, he may be contradicted by other witnesses.

In the case before us, the reëxamination was in the nature of a cross-examination by the plaintiff as to the matters elicited upon the defendant's cross-examination of the witness, and we think it was clearly competent to show by it the relationship existing between the witness and the defendant, as tending to show the probable state of feeling subsisting between them. 1 Gr. Ev. sec. 450; *Atwood* v. *Wilton,* 7 Conn. 66; *Thomas* v. *David,* 7 C. & P. 350.

The exceptions being overruled, there must be

　　　　　*Judgment on the verdict for the plaintiff.*